NO. 07-10-0497-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 15, 2011

_____

JONATHAN HANLEY,

                                                            Appellant
v.

THE STATE OF TEXAS,

                                                            Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2008-420,730; HONORABLE JIM BOB DARNELL, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., CAMPBELL, J., and BOYD, S.J.[1]

Appellant, Jonathan Hanley, contends that the trial court erred in denying his motion to suppress evidence. The evidence in question was blood drawn pursuant to a search warrant. The latter was based upon an affidavit by the officer who arrested appellant for driving while intoxicated. And, it was purportedly defective because it did not contain sufficient factual information entitling a neutral magistrate to conclude that

_____

[1]John T. Boyd, Senior Justice, sitting by assignment.

probable cause existed to believe that appellant's blood contained evidence of the crime at issue. We overrule the issue and affirm the judgment.

Generally, probable cause exists when a neutral magistrate has a substantial basis for concluding that a search would uncover evidence of wrongdoing. *State v. Dugas*, 296 S.W.3d 112, 116 (Tex. App.–Houston [14th Dist.] 2009, pet. ref'd); *see also Rodriguez v. State*, 232 S.W.3d 55, 60 (Tex. Crim. App. 2007) (stating that "[p]robable cause exists when, under the totality of the circumstances, there is a 'fair probability' that contraband or evidence of a crime will be found at the specified location"). Because neither federal nor Texas law defines precisely what degree of probability suffices to establish probable cause, *Rodriguez*, 232 S.W.3d at 61, we consider whether there are sufficient facts, coupled with inferences from those facts, to establish a "fair probability" that evidence of a particular crime will likely be found at a given location. *Id.* at 60. The issue is not whether there are other facts that could have, or even should have, been included in the affidavit; instead we focus on the combined logical force of facts that are in the affidavit. *Id.* at 62. Finally, when reviewing the accuracy of a magistrate's determination, our obligation is to interpret the affidavit in a common sensical and realistic manner. *Id.* at 61. With these general principles in mind, we turn now to the affidavit in this case.

The document contained the following facts. Appellant was detained while driving at 2:01 a.m. after being seen weaving "heavily from side to side in a single lane of traffic." At the time of the initial detention, his speech was slurred, his eyes were glassy and bloodshot, and his walk was unsteady. He also swayed and used support to maintain his balance. So too did a strong odor of alcohol emanate from his breath.

One or more open containers of alcohol were also spied in the vehicle, and appellant had urinated on himself.   These indicia enabled a neutral magistrate to reasonably infer that there was a "fair probability" that, at the time the warrant was requested and issued, appellant's blood contained evidence that would illustrate he had driven a motor vehicle while intoxicated.   Thus, the trial court did not err in denying appellant's motion to suppress.

The judgment is affirmed.

Brian Quinn
Chief Justice


Do not publish.